IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TYRONE DORN, # B66720,**

**Petitioner,**

        **vs.**                             **Case No. 13-cv-339-DRH**

**RICHARD HARRINGTON,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Tyrone Dorn, who is currently incarcerated in Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the length of his incarceration.  Petitioner claims that he should have been released from confinement on January 28, 2013.  However, his sentence was improperly calculated for a number of reasons, thus wrongfully prolonging his incarceration by fifteen months.  Petitioner is serving a sentence for seven distinct felony convictions, the aggregate of which Petitioner claims should be 19½ years.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the

petition and exhibits in the present case, the Court concludes that Petitioner is not entitled to relief at this time because he has set forth no allegations regarding his efforts to exhaust state court remedies prior to filing this action. Accordingly, the petition shall be dismissed.

In addition, Petitioner requests an "urgent order declaring the petitioner's immediate release" to treat a chronic medical condition (Doc. 1, p. 4). Petitioner alleges that he suffers from an unspecified but "very severe medical chronic condition" (Doc. 1, p. 3). The condition requires treatment with an unspecified medicine three times per day. If left untreated, Petitioner experiences severe stomach pain (Doc. 1, p. 4). Petitioner has not been seen by a doctor since his transfer to Menard on January 16, 2013. For the reasons stated below, Petitioner's request for release to seek medical treatment cannot be granted in this proceeding and shall be denied.

**THE HABEAS PETITION**

Petitioner seeks to challenge the length of his sentence on multiple grounds. Petitioner maintains that he should have been released from prison on January 28, 2013. Due to numerous errors, however, Petitioner's sentence was unlawfully extended by fifteen months. Petitioner identifies the following contributing factors, among others: (1) the prison review board exceeded its authority by imposing a 3-year term of mandatory supervised release; (2) the sentence calculation worksheet incorrectly lists the good conduct credit that Petitioner was

awarded and lost; and (3) the "fifty-percent law"[1] was not applied to Petitioner's remaining sentence.

Petitioner sets forth no details in his petition regarding his attempts to exhaust his state court remedies.  The law requires him to exhaust state court remedies before his claim may be addressed in federal court, or else show cause and prejudice for his failure to exhaust.   28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).  Section 2254 provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Petitioner has the right to present the instant claim in state court, as contemplated in § 2254(c).  To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established

---

[1] Petitioner seems to assert that he should be given day-for-day good conduct credit, thereby reducing the length of his remaining sentence by half.

appellate review process"); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed." (internal citations omitted)).  A prisoner need not pursue all separate state remedies that are available to him, but must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509.  The Illinois courts have recognized a complaint for mandamus relief as an appropriate remedy to compel prison officials to award sentence credit to a prisoner.  *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)); *see also McAtee*, 250 F.3d at 508.

## PETITIONER'S MEDICAL TREATMENT REQUEST

The medical problems Petitioner complains of in the petition (Doc. 1, pp. 3-4) are not the proper subject of a habeas action because they do not involve the fact or duration of his incarceration.  *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) (recognizing habeas is a means of challenging only the fact or duration of custody).  Thus, if Petitioner wishes to seek any remedy for the alleged deprivation of his right to adequate medical care, he must bring a separate action under 42 U.S.C. § 1983.  This directive should not be construed as an opinion on the merits of Petitioner's potential § 1983 claim.

**DISPOSITION**

Petitioner's request for release to seek medical treatment is **DENIED.**

The petitioner does not indicate whether he has addressed his good conduct credit or sentence calculation claims in the circuit court, let alone the Illinois Appellate Court or Supreme Court.  Accordingly, his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED without prejudice**.

Petitioner is **GRANTED** leave to file an amended petition within thirty-five (35) days **on or before May 23, 2013**, using the Court's form to describe any efforts he has made to exhaust state court remedies.

The Clerk is **DIRECTED** to send the Petitioner a blank form for a § 2254 petition for writ of habeas corpus and for a § 1983 civil rights complaint.

Petitioner's pending motion to proceed *in forma pauperis*, as construed by the Court, shall be held in abeyance pending receipt of all trust fund account statements.

   **IT IS SO ORDERED**.

Signed this 18th day of April, 2013

Digitally signed by
David R. Herndon
Date: 2013.04.18
14:21:22 -05'00'

   **CHIEF JUDGE**
   **UNITED STATES DISTRICT COURT**