IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


**TYRONE DORN, # B66720,**

**Petitioner,**

    vs.

**RICHARD HARRINGTON,**

**Respondent.**                        Case No. 13-cv-339-DRH

# MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    This matter comes before the Court on petitioner's motion to reconsider court order (Doc. 8), which was filed on May 2, 2013, and petitioner's amended petition for writ of habeas corpus (Doc. 10), which was filed on May 23, 2013. This action was dismissed without prejudice on April 19, 2013. Petitioner was granted leave to file an amended petition and was specifically directed to explain how he complied with the law of exhaustion. He has filed a timely amended petition. This order addresses both the motion to reconsider and the amended petition.

    Petitioner originally filed this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the length of his incarceration. Petitioner claimed that he should have been released from confinement on January 28, 2013. However, his

sentence was improperly calculated, he alleged, for a number of reasons, thus wrongfully prolonging his incarceration by fifteen months. Petitioner identified several contributing factors: (1) the Prisoner Review Board ("PRB") exceeded its authority by imposing a term of mandatory supervised release ("MSR")(and when imprisoned as a parole violator of MSR conditions of release he would not otherwise have had imposed his liberty was unjustly impaired); (2) the sentence calculation worksheet incorrectly listed the good conduct credit that petitioner was awarded and lost; and (3) the "fifty-percent law"[1] was not applied to petitioner's remaining sentence.

This Court dismissed the petition under Rule 4 of the Rules Governing § 2254 Cases in United States District Court. Petitioner set forth no details in the original petition or exhibits describing his efforts to exhaust any state court remedies prior to filing this action. The Court explained that the law requires petitioner to exhaust state court remedies before addressing his claim in federal court, or else show cause and prejudice for his failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

## MOTION TO RECONSIDER COURT ORDER (Doc. 8)

In his motion to reconsider, petitioner narrows his claim to a single ground. Specifically, he challenges the PRB's imposition of an MSR term to extend his confinement beyond the mandatory release date imposed by the sentencing judge. As to this claim, petitioner argues that he cannot exhaust his remedies by seeking

---

[1] As previously explained, Petitioner seems to assert that he should be given day-for-day good conduct credit, thereby reducing the length of his remaining sentence by half.

redress in state court. This is because the PRB exceeded its authority, not the sentencing judge. Petitioner has appealed the PRB decision at the institution level, by filing an appeal with the PRB and writing to three wardens, his counselor, the records office, the field services office, and the clinical services office.

Technically, a "Motion for Reconsideration" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different standards and time-tables govern these motions.

With regard to the standards, Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. With regard to timing, the Court of Appeals in *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006), declared that district courts should analyze each post-judgment

motion based on its *substance,* as opposed to the date on which the motion was filed. The Seventh Circuit reiterated this in *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008): "whether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it."

Although *Borrero* and *Obriecht* direct the Court to focus on the substance of the motion, the timing of the motion remains relevant. Rule 59(e) only applies to motions filed within 28 days after entry of judgment.[2] By contrast, a motion under Rule 60(b)(1) asserting mistake, inadvertence, surprise or excusable neglect may be filed within one year after entry of judgment. FED. R. CIV. P. 60(c)(1). Petitioner's motion was filed within 28 days of the order he challenges. Therefore, either Rule 59(e) or Rule 60(b) may be applied.

In essence, petitioner alleges that the Court made a mistake of law by dismissing his original petition for failure to exhaust his state court remedies. He argues that no state court remedies are available to him. This is because the PRB, not the sentencing court, exceeded its authority. As a result, petitioner now lingers in custody beyond his correct release date.

Petitioner has not shown any mistake of law or fact or presented any newly discovered evidence that would entitle him to an altered or amended judgment under Rule 59(e). He has also not stated any grounds for relief within the scope

---

[2] Further, only motions filed within the 28-day deadline of Rule 59(e) toll the time for filing an appeal. Stated another way, motions filed after the 28-day period do not suspend the finality of a judgment. *See York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011); FED R. APP. P. 4 (a)(4)(A)(v) and (vi).

of Rule 60(b). Upon review of the record, the Court remains persuaded that its ruling dismissing his original petition was correct.

Exhaustion of state court remedies is required before seeking habeas relief in state court. *See* 28 U.S.C. § 2254(b)(1)(A). State court procedures are available to petitioner for seeking relief as it relates to his claims. *See, e.g.,* 735 ILCS 5/10-124. In the original petition, petitioner challenged the length of his sentence on *multiple* grounds, one of which was the PRB decision to impose an unlawful MSR term. Petitioner also maintained that errors in the sentence calculation worksheet, including misapplication of good conduct credit and the "fifty percent law," unlawfully prolonged his sentence. As the Court previously pointed out, Illinois courts have recognized a complaint for mandamus relief as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981)); *see also McAtee*, 250 F.3d at 508.

Other forms of state court relief are also available to petitioner in Illinois state courts. For example, prisoners have an available state court remedy through § 10-124 of the Illinois Code of Civil Procedure, which provides for an order of habeas corpus where a person is held beyond the time he may legally be detained. *See Watkins v. Page*, 322 Ill. App. 3d 360, 364, 751 N.E. 2nd 1200, 1203-04 (Ct. App. 2001) (citing *Faheem-El v. Klincar*, 123 Ill. 2d 291, 527 N.E. 2d 307 (1988)). State habeas applications may be submitted to the Illinois

Supreme Court or to the appropriate circuit court. 735 ILCS 5/10-103. In his motion to reconsider, petitioner makes it clear that he has taken no steps toward seeking relief in state court.

Having failed to meet this threshold requirement, the motion for reconsideration (Doc. 8) is **DENIED**.

### AMENDED PETITION (Doc. 10)

Petitioner also filed an amended habeas petition on May 23, 2013 (Doc. 10). Most of the amended petition is blank. In it, petitioner does not set forth the allegations included in the original petition. Petitioner also does not describe the steps he took to exhaust state court remedies, even at the institutional level as he did in the motion to reconsider (Doc. 8, p. 2). Instead, petitioner explains why he did not appeal to the Illinois courts before filing this habeas action in federal court (Doc. 10, p. 6). Before filing a second amended complaint, petitioner must first attempt to exhaust his state court remedies. Further, petitioner shall not be deemed to have exhausted the remedies available in state court, within the meaning of federal habeas law, "if he has the right under the law of the State to raise, by any available procedure, the question presented" in his habeas petition. *See* 28 U.S.C. § 2254(c)

Accordingly, the amended petition (Doc. 10) is **DISMISSED** without prejudice.

### DISPOSITION

Petitioner's motion to reconsider is hereby **DENIED** (Doc. 8). Petitioner's amended petition (Doc. 10) is also **DISMISSED without prejudice**.

**IT IS SO ORDERED**.

Signed this 25th day of June, 2013.

David R. Herndon
2013.06.25
15:17:47 -05'00'

**Chief Judge**
**United States District Court**